and the case remanded to the trial court so that it may adjust the conflict and render judgment accordingly.

MR. JUSTICE ALDREY delivered the opinion of the court.

---

VALL SPINOSA, PLAINTIFF AND APPELLEE, v. NITRATE AGENCIES CO., DEFENDANT AND APPELLANT.

District Court of San Juan, Section One.

No. 2382.—Decided July 28, 1922.

The plaintiff, a commission agent, brought this action to recover his commission on two sales of fertilizer made for the appellant.

The defendant admitted the claim as to one of the sales and deposited in court the amount of it.

The judgment was for the plaintiff for $1,624, interest at the legal rate and costs, after deducting the amount deposited.

Among other assignments discussed at length, the appellant alleged that the district court erred in rendering judgment on September 23, 1920, after the plaintiff's brief had been filed on September 14th and before the defendant's brief had been filed and before the expiration of 15 days from the date of service of the plaintiff's brief. The other assignments refer almost exclusively to the consideration given by the court to the acts of the parties in connection with the sale of the fertilizer.

The trial ended on July 7th and the court allowed the plaintiff 15 days for filing his brief and the defendant 15 days for filing his. The judgment was rendered on September 23rd.

In a motion for reconsideration it is alleged that the plaintiff's brief was not filed until September 14th and the appellant's theory is that he had 15 days from that date for filing a brief in reply. The motion was overruled

without stating the reasons. The order did not specify a period of 15 days "after service of a copy of the plaintiff's brief" within which the defendant should file his brief, as alleged in the motion and insisted upon by the appellant. It does not appear whether the intention was to allow only 15 days to each party for filing his brief, or whether both briefs should be filed within 30 days at the latest, or whether it was considered necessary to await the filing of the plaintiff's brief. The order is subject to either of these interpretations. Under the circumstances we find no sufficient reason for a reversal in the fact that the court waited 9 days after the filing of plaintiff's brief and more than two months and a half after the trial before rendering judgment.

The plaintiff is also bound by his own acts in taking the initiative to secure a modification of the order and in offering a new arrangement, and the judgment must be based on the number of tons delivered under the new agreement and not the number specified in the original order, and as modified affirmed.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

---

DÍAZ, APPELLANT, *v.* GAFARELE, APPELLEE.

District Court of San Juan, Section Two.

No. 2645.—Decided November 20, 1922.

This is an action for divorce on the ground of cruel treatment and serious injury consisting in repeated insults offered to the husband by the wife, which made marital life impossible. The answer denied the allegations and the evidence at the trial being contradictory, the court adjusted the conflict against the plaintiff and dismissed the complaint.

The evidence shows no error nor that the court acted